Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 278 | **DATE** | 3/30/2000 |
| **CASE TITLE** | Camo-Clad, Inc. vs. Latent Image, Inc., etc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   The motion to dismiss, or in the alternative, to transfer venue [13-1] is granted. This action is dismissed without prejudice for lack of personal jurisdiction. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | 3-31-00 | 17 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| WCS courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CAMO-CLAD, INC., )
 )
       Plaintiff, )
 )
v. ) No. 00 C 278
 )
LATENT IMAGE, INC., ) Judge Conlon
d/b/a Outdoor Images, ) Magistrate Judge Bobrick
 )
       Defendant. )

## MEMORANDUM OPINION AND ORDER

Camo-Clad, Inc. ("Camo-Clad") sues Latent Image, Inc. ("Latent") seeking a declaratory judgment that it does not infringe Latent's United States patent 5,778,590 ("the '590 patent") and that the '590 patent is invalid. Latent moves pursuant to Fed. R. Civ. P. 12(b) to dismiss the complaint for lack of personal jurisdiction and improper venue, or in the alternative, to transfer the action to the United States District Court for the Middle District of Louisiana.

## BACKGROUND

In considering a motion to dismiss for want of personal jurisdiction, the court accepts all well-pleaded allegations as true unless controverted by defendant's affidavits. Any conflicts in the affidavits are resolved in favor of the plaintiff. Turnock v. Cope, 816 F.2d 332, 333 (7th Cir. 1987). Camo-Clad is an Illinois corporation with its principle place of business in Chicago. Camo-Clad sells camouflage kits used on

trucks, boats, shotguns, and hunting accessories. Warner Aff. ¶¶ 1-2. Latent is a Texas corporation with its principle place of business in Louisiana. Newman Aff. ¶ 1. Latent does not make or sell any products; rather, it derives revenue from granting licenses to other companies to make and sell products under the '590 patent. Newman Aff. ¶¶ 2-3. The '590 patent is directed toward firearm covers. Latent has no licensees in Illinois, has never solicited business from any person or entity in Illinois, has never advertised in Illinois, has never entered an agreement with any person or entity in Illinois, and has no property or employees in Illinois. Id. ¶¶ 4-8. All Latent's employees perform their jobs within Louisiana. Id. ¶ 9.

Upon learning of Camo-Clad's camouflage kits, Latent contacted Camo-Clad in Illinois, told Camo-Clad that the kits infringed the '590 patent, and requested that Camo-Clad consider a license under the '590 patent. Resp. to Mot. Dism., Ex. B. After Camo-Clad declined, Latent sued Camo-Clad in the Middle District of Louisiana for infringement of the '590 patent. Camo-Clad responded by filing this suit.

## DISCUSSION

Camo-Clad has the burden of demonstrating that personal jurisdiction over Latent is proper. RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1275 (7th Cir. 1997). A federal district court may assert personal jurisdiction over a non-resident

defendant so long as jurisdiction over that defendant is proper under the law of the forum state. Fed. R. Civ. P. 4(e); Jacobs/Kahan & Co. v. Marsh, 740 F.2d 587, 589 (7th Cir.1984). A non-resident defendant may be sued in Illinois if (1) it meets one of the provisions of the Illinois long-arm statute, 735 ILCS § 5/2-209; and (2) it purposefully established minimum contacts with Illinois that satisfy due process. FMC Corp. v. Varonos, 892 F.2d 1308, 1310 (7th Cir. 1990); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).

Because the long-arm statute confers jurisdiction on any basis permitted under the federal constitution, see 735 ILCS § 5/2-209(c), its reach extends as far as that permitted by due process; therefore, the two inquiries collapse into one -- whether minimum contacts exists. FMC Corp. v. Varonos, 892 F.2d at 1311 n. 5. The crux of the "minimum contacts" analysis is essentially whether it is fair to assert jurisdiction over a non-resident defendant -- whether that defendant could "reasonably anticipate being haled into court" in Illinois. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). This requirement is met where the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities. Burger King, 471 U.S. at 472. Due process is satisfied where a defendant "delivers its products into the

stream of commerce with the expectation that they will be purchased by consumers in the forum State." World-Wide Volkswagen, 444 U.S. at 297-98; Dehmlow v. Austin Fireworks, 963 F.2d 941, 946-47 (7th Cir. 1992).

Camo-Clad argues Latent's minimum contacts with Illinois are evinced by (1) Latent's contacting Camo-Clad in Illinois to accuse it of patent infringement; (2) Latent's offer to Camo-Clad to negotiate a license for Camo-Clad's use of the '590 patent's technology; (3) Latent's purported oversight and control of a licensee network selling products in the stream of commerce, including Illinois. The court finds these events and factors fail to establish the requisite minimum contacts between Latent and Illinois to satisfy due process. Accordingly, this court does not have personal jurisdiction over Latent.

First, Latent's contacting of Camo-Clad in Illinois to accuse Camo-Clad of patent infringement in insufficient to subject Latent to jurisdiction in Illinois. It is true that this court has held that the sending of infringement letters into Illinois by an out-of-state patent owner falls under § 209(a)(1) of the long-arm statute. See Medi USA L.P. v. Aircast Inc., 1995 WL 330914 (N.D. Ill. May 31, 1995) (Holderman, J.); International Honeycomb Corp. v. Transtech Service Network, Inc., 742 F. Supp. 1011 (N.D. Ill. 1990) (Alesia, J.); E.J. McGowan & Associates, Inc. v. Biotechnologies, Inc., 736 F. Supp. 808 (N.D. Ill. 1990) (Norgle, J.). Section 209(a)(1) encompasses out-of-state

4

defendants who "transact[] . . . any business within" Illinois. However, the sending of infringement letters, standing alone, is not enough to establish jurisdiction. The court must determine whether minimum contacts exist between the out-of-state defendant and Illinois satisfying due process. Medi, 1995 WL 330914 at *2 ("Although sending an infringement letter falls within the ambit of the long-arm statute, additional contacts are necessary to satisfy due process"); E.J. McGowan, 736 F. Supp. at 812 ("The sending of infringement letters, in and of itself, does not satisfy the due process clause"). This is because "[p]rinciples of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum." Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1361-62 (Fed. Cir. 1998). Similarly, Latent's sending of letters to Camo-Clad attempting to negotiate a license agreement under the '590 patent is insufficient to subject Latent to jurisdiction in Illinois:

> An offer to license is more closely akin to an offer for settlement of a disputed claim rather than an arms-length negotiation in anticipation of a long-term continuing business relationship. Treating such [offers] differently would also be contrary to fair play and substantial justice by providing disincentives for the initiation of settlement negotiations.

Red Wing Shoe, 148 F.3d at 1361 (citation omitted).

Therefore, Camo-Clad must establish some additional contact between Latent and Illinois to satisfy due process and subject Latent to jurisdiction in Illinois. To this end, Camo-Clad

5

attempts to portray Latent as maintaining control over a "distribution channel" of licensees that sell competing products "in the stream of commerce" throughout the United States, including Illinois. This attempt must ultimately fail, however. First, Latent does not itself sell any products incorporating the '509 patent or entering the stream of commerce. Rather, it simply licenses its patented technology to others who make hunting equipment. If Latent can be said to make a "product" at all, that product is Latent's covenant not to sue as manifest in agreements with its licensees. Red Wing Shoe, 148 F.3d at 1362 ("[D]efendant's product is a covenant not to sue, not a shoe incorporating the patented technology. As such, [defendant's] product never enters the stream of commerce").

Second, Camo-Clad fails to show that the products of Latent's licensees are sold in Illinois, or that they are sold elsewhere with the expectation that they will be purchased by residents of Illinois. Latent's president averred that Latent does not have licensees in Illinois. Camo-Clad points only to two purported Latent licensees, one in Iowa and one in Louisiana. Neither licensee is based in Illinois, and Camo-Clad does not show they do business in Illinois or market their products with the expectation that they will be bought by Illinois residents.

Finally, even if the products sold by Latent's licensees were shown to reach Illinois purchasers through the stream of commerce, Latent would not be subject to jurisdiction in Illinois

6

because Latent has no control over the activities of its licensees. See Red Wing Shoe, 148 F.3d at 1361-62 (rejecting argument that defendant was subject to jurisdiction in Minnesota because the defendant's licensees had extensive contacts with Minnesota, such as maintaining retail stores or registrations to do business in Minnesota). Camo-Clad disagrees and contends Latent is not simply a passive observer of its licensees' activities, but instead that Latent exercises sufficient control over its licensees and is actively involved in their marketing and sale of products incorporating the '590 patent in Illinois. However, Camo-Clad fails to provide any support for this purely speculative allegation. Camo-Clad contends Latent attended industry trade shows in Georgia and Nevada with its Louisiana licensee in the attempt to attract dealers and distributors throughout the country for products incorporating the '590 patent's technology. Camo-Clad asserts Latent and the licensee shared a booth at which they both marketed and solicited the products. This being the case, Camo-Clad believes it would not be unfair to subject Latent to jurisdiction in Illinois. However, attending trade shows in Georgia and Nevada with its Louisiana licensee does not establish Latent's control over its licensees, and it certainly does not establish any contacts with Illinois. Camo-Clad does not assert that Latent entered into relationships with Illinois distributors or retailers as a result of these trade shows. "Financial benefits accruing to the

7

defendant from a collateral relation to the forum State will not support jurisdiction if they do not stem from a constitutionally cognizable contact with that State." Red Wing Shoe, 148 F.3d at 1361-62 (quoting World-Wide Volkswagen, 444 U.S. at 299)).

Finally, Camo-Clad relies on Akro Corp. v. Luker, 45 F.3d 1541 (Fed. Cir. 1995) for the proposition that Latent is subject to jurisdiction in Illinois because it might have agreements with its licensees to litigate infringement claims. In Akro, the plaintiff was an Ohio corporation accused of infringing the patent owned by Luker, a California resident. Akro sought a declaratory judgment of non-infringement and invalidity in Ohio. The court found that Luker was subject to jurisdiction in Ohio. While Luker had sent infringement warning letters to Akro in Ohio, this was not the sole basis for the court's finding of jurisdiction. The court also explained that Luker had entered into an exclusive license agreement with an Ohio corporation that competed with Akro in the Ohio marketplace. Under that agreement, Luker was obligated to defend and pursue any infringement action against his patent. The court found these contacts and relationships between Luker and the Ohio-based licensee demonstrated that Luker purposefully directed his activities toward Ohio. Akro, 45 F.3d at 1546. Akro does not help Camo-Clad. Camo-Clad has not shown that Latent agreed with its licensees to litigate infringement claims.

## CONCLUSION

This court lacks personal jurisdiction over Latent.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

Dated: March 30, 2000